[No. 5110.]

### IN THE MATTER OF THE ESTATE OF ROBERT D. TAYLOR, DECEASED.

ACCOUNTS OF EXECUTORS.—If executors exercise their best judgment in employing an agent abroad to receive and forward to them money belonging to the estate, and employ one who is well recommended to them, they are not chargeable in the settlement of their account with money lost by the insolvency of the agent.

APPEAL from the Probate Court, City and County of San Francisco.

Robert D. Taylor left San Francisco to go to Scotland, and arrived in the City of New York on the 2nd day of May, 1872, sick. He was an Odd Fellow, and was taken charge of by Jacob S. Michaels, a brother Odd Fellow, and a Deputy Grand Master of the Order, who had him conveyed to the Metropolitan Hotel, where he died on the 4th of the same month. Michaels took care of Taylor while he was sick. At his death the money and personal property which he had with him, of the value of several thousand dollars, were taken possession of by the Public Administrator of the City of New York, who administered on the estate there. The deceased left a will in San Francisco, in which William Smith and Robert S. Smith were nominated executors, and as executors they administered on his estate in San Francisco. There was a balance of three hundred and ninety-four dollars in money, and a gold watch and chain, and a promissory note for six thousand dollars given the deceased by one of the executors, in the hands of the Public Administrator in New York, after the expenses of the last sickness, etc., had been paid there. The deceased was a member of the Lodge of Odd Fellows at Oakland, Cal., and Michaels wrote to said Lodge immediately after the death, giving an account of his sickness and of the property found in his possession, and what disposition had been made of it. The executors desired to appoint an agent in New York to receive and transmit to them at San Francisco the property in the hands of the Public Administrator in New York. The Odd Fellows' Lodge in Oakland recommended Michaels as a reliable and trustworthy man, and on such recommendation Michaels was appointed such agent. He received the money, (three hundred and ninety-four dollars) and the watch and chain, and promissory note, and transmitted the last two to the executors, and promised to send them the money, but failed to do so. The executors then employed an attorney in New York to collect the money from Michaels. Soon after this Michaels died, and his estate was totally insolvent. On the 17th of September, 1875, the executors filed their final account, in which they claimed that they should not be charged with the three hundred and ninety-four dollars. The devisees contested the account, and the Probate Court charged

the executors with the same, and distributed it along with the other assets.   The executors appealed from the order.

*Lloyd & Newlands*, for the Appellants.

An executor is not responsible for the loss of property so long as he acts in good faith and with ordinary discretion.

A case must be proved of *clear neglect* of duty in order to charge him with the loss.   (*Webb* v. *Bellinger*, 2 Desaus. Eq. 507; *William* v. *Maitland*, 1 Ired. Eq. 92; *Thomas* v. *White et al.* 3 Litt. 184–5; *Schultz* v. *Pulver*, 11 Wend. 367–374; *Rowan* v. *Kirkpatrick*, 14 Ill. 12–13; *Whitted et al.* v. *Webb et al.* 2 Dev. & B. Eq. 447; *Hext et al.* v. *Pouher*, 1 Strob. Eq. 170; *Boggs* v. *Adger*, 4 Rich. Eq. 412; *Neff's Appeal*, 57 Pa. St. 95.)

*Burch & Griffiths*, for the Respondents.

By the COURT:

The appellants, executors of Taylor, were not, under the circumstances here appearing, justly chargeable with the three hundred and ninety-four dollars lost through the death and insolvency of Michaels in New York.

Cause remanded, with directions to modify the orders accordingly.   Remittitur forthwith.