[No. S105600. July 15, 2004.]

ROBERT A. BORISSOFF, as Executor, etc., Plaintiff and Appellant, v. TAYLOR & FAUST et al., Defendants and Respondents.

524

COUNSEL

Law Offices of Mattaniah Eytan, Mattaniah Eytan, Howard Underwood and Andrea Widburg for Plaintiff and Appellant.

Krieg, Keller, Sloan, Reilley & Roman, James C. Krieg, Allison Lane Cooper; Law Offices of Anthony P. David and Anthony P. David for Defendants and Respondents Taylor & Faust and Leland H. Faust.

Law Offices of Joseph D. Joiner and Joseph D. Joiner for Defendant and Respondent Burton McGovern.

OPINION

**WERDEGAR, J.—** ■ This case raises the question whether the successor fiduciary of an estate in probate may assert a professional negligence claim against attorneys retained by a predecessor fiduciary to provide tax assistance for the benefit of the estate. We hold the successor fiduciary may do so.

## I. BACKGROUND

Testator Veronica M. Smith died on June 16, 1989, leaving two wills, one executed in 1983 and the other in 1987.[1] The 1987 will named plaintiff Robert A. Borissoff as executor. Decedent's grandniece filed an action in probate court to contest the 1987 will. Pending resolution of the contest, the court appointed Paul Springer, an attorney and former probate commissioner, as special administrator. Springer retained defendants, the law firm of Taylor & Faust (hereafter Faust, or the Faust defendants), to provide assistance on tax matters. In their retention letter to Springer, the Faust defendants recited that they had "agreed to prepare the Federal and California estate tax returns and the fiduciary income tax returns for the estate, to provide [Springer] with tax planning advice concerning the estate and to perform any other legal services which [Springer] request[s]." Springer accepted "on behalf of the Estate of Veronica M. Smith . . . ." Faust subsequently filed federal and state tax returns for the estate, and the court approved payment from the estate of their fees.

At some point, Springer borrowed approximately $115,000 from the estate for personal reasons, without authorization. On November 3, 1992, Springer

---

[1] The issue before us was submitted to the superior court for decision on stipulated facts. Our statement of the facts is drawn from that stipulation and the supporting documents to which the stipulation refers.

wrote an emotional letter to the Faust defendants, confessing the misappropriation and asking for their help in keeping him "out of trouble." Faust attempted to help Springer borrow money to repay the estate, but without success. On February 2, 1993, Faust informed Springer that the firm had "decided not to represent [Springer] any longer in [his] capacity as administrator of the [Smith] estate." Springer died on May 28, 1993. In July 1993, Faust turned over the estate's file to defendant Burton McGovern, an attorney. McGovern wrote to the Internal Revenue Service (IRS), noting that he had received the estate's file and, after reviewing it, would "attempt to resolve any problems that might exist." McGovern asked the IRS to "address all communications" concerning the estate to him.

September 14, 1993, was the last day for the estate to file IRS form 843, which would have extended for three years the estate's right to claim a tax refund. The form was not filed. As a result, the estate lost the ability to claim a refund for substantial administrative expenses related to the will contest.

On September 26, 1995, the court decided the will contest in favor of the 1987 will and thereafter appointed plaintiff Borissoff as executor. On November 21, 1995, Borissoff's attorney wrote McGovern, expressing "concern[] that the requisite annual filing [of IRS form 843] may not have taken place" and asking McGovern to address the question. As mentioned, the form had not been filed. Based on that omission, plaintiff filed the instant suit for malpractice against Faust and McGovern on May 14, 1998. Defendants cross-complained against one another. All defendants asserted against plaintiff, as affirmative defenses, that defendants owed no duty as attorneys to plaintiff, with whom they did not stand in privity of contract, and that the statute of limitations barred plaintiff's claims. To simplify the issues for trial, the parties agreed to submit those two defenses to an assigned judge for resolution based on stipulated facts. The judge decided both defenses against plaintiff and granted judgment for defendants. The Court of Appeal agreed that plaintiff lacked standing to sue defendants and affirmed the superior court's judgment on that basis, without reaching the statute of limitations issue. We granted plaintiff's petition for review.

## II. DISCUSSION

In granting review, we limited briefing and argument to the issue raised in the petition for review: "May a successor fiduciary[2] of an estate in probate assert a professional negligence claim against tax counsel whom a predecessor fiduciary engaged exclusively to perform tax work for the estate?" The

---

[2] We use the generic term "fiduciary" rather than the more specific terms "trustee," "executor" and "personal representative," unless the context requires the distinction.

question is one of first impression in California. We answer it in the affirmative.[3]

■ Defendant attorneys contend they owed a duty, and are answerable in malpractice, only to the person who retained them and with whom they stand in privity of contract. The person who retained the Faust defendants was Springer, the predecessor fiduciary.[4] To be sure, an attorney will normally be held liable for malpractice only to the client with whom the attorney stands in privity of contract, and not to third parties. (*Goodman v. Kennedy* (1976) 18 Cal.3d 335, 342–344 [134 Cal.Rptr. 375, 556 P.2d 737].) Furthermore, when a fiduciary hires an attorney for guidance in administering a trust, the fiduciary alone, in his or her capacity as fiduciary, is the attorney's client. (*Moeller v. Superior Court* (1997) 16 Cal.4th 1124, 1130 [69 Cal.Rptr.2d 317, 947 P.2d 279] (*Moeller*); *Fletcher v. Superior Court* (1996) 44 Cal.App.4th 773, 777 [52 Cal.Rptr.2d 65].) The trust is not the client, because "a trust is not a person but rather 'a fiduciary *relationship* with respect to property.' " (*Moeller*, at p. 1132, fn. 3, quoting Rest.2d Trusts, § 2, italics in *Moeller*.) Neither is the beneficiary the client, because fiduciaries and beneficiaries are separate persons with distinct legal interests. (*Wells Fargo Bank v. Superior Court* (2000) 22 Cal.4th 201, 212 [91 Cal.Rptr.2d 716, 990 P.2d 591]; *Lasky, Haas, Cohler & Munter v. Superior Court* (1985) 172 Cal.App.3d 264, 282–286 [218 Cal.Rptr. 205].)

While Borissoff does not stand in privity of contract with defendants, he nevertheless argues that three sources of law support his claim to standing. The first is the Probate Code, which defines the powers of fiduciaries and successor fiduciaries. (See Prob. Code, §§ 8524, 9820, 10801.)[5] The second is our decision in *Moeller, supra*, 16 Cal.4th 1124, 1129–1135, in which we held that a successor fiduciary, upon taking office, becomes the holder of the attorney-client privilege for certain confidential communications between the predecessor fiduciary and an attorney on the subject of trust administration. The third is the set of judicial decisions articulating the circumstances under which someone not a party to a contract may sue to enforce it as a third party beneficiary. (E.g., *Lucas v. Hamm* (1961) 56 Cal.2d 583 [15 Cal.Rptr. 821, 364 P.2d 685] [under specific facts of case, intended recipients of testamentary gifts were third party beneficiaries of contract between testator and attorney who wrote will]; *Biakanja v. Irving* (1958) 49 Cal.2d 647 [320 P.2d 16] [unlicensed person acting as attorney, but similar result].)

---

[3] We direct the Court of Appeal, on remand, to address plaintiff's additional claim that the superior court erred in holding that the statute of limitations (Code Civ. Proc., § 340.6, subd. (a)) bars this action. On this issue we intimate no view.

[4] Defendant McGovern denies that he ever represented any predecessor fiduciary. We leave this undecided factual question to the lower courts on remand.

[5] All citations to statutes are to the Probate Code.

■ To determine the question of standing presented here, we need not look beyond the Probate Code. The code's relevant provisions strongly support the inference that a successor fiduciary does have standing to sue an attorney retained by a predecessor fiduciary to give tax advice for the benefit of the estate. The code expressly authorizes a personal representative to "employ or retain tax counsel" (§ 10801, subd. (b)) and to "pay from the funds of the estate for such services" (*ibid.*). The code also provides that a "successor personal representative has the powers and duties in respect to the continued administration that the former personal representative would have had" (§ 8524, subd. (c)), including the power to "[c]ommence and maintain actions and proceedings for the benefit of the estate" (§ 9820, subd. (a)). Reading these provisions together, the following two conclusions seem inescapable: First, a fiduciary who hires an attorney with estate funds to provide tax assistance to the estate (§ 10801, subd. (b)) may, if the attorney commits malpractice harming the estate, commence an action for the benefit of the estate to recover the loss (§ 9820, subd. (a)). Second, if the fiduciary who hired the attorney is replaced, the successor acquires the same powers the predecessor had in respect to trust administration (§ 8524, subd. (c)), including the power to sue for malpractice. In short, the absence of privity, viewed as an impediment to standing, is a gap the Legislature has filled.

■ In this respect, the successor fiduciary's power to sue for malpractice is no different than the successor's power to sue for nonperformance a person hired by the predecessor to fix the roof of a house belonging to the estate. While privity of contract may not exist, the successor has the same powers and duties as the predecessor (§ 8524, subd. (c)), including the power to sue.

■ Arguing for the opposite result, defendants rely on *Goldberg v. Frye* (1990) 217 Cal.App.3d 1258 [266 Cal.Rptr. 483]. That decision, however, is not on point. The court in *Goldberg* held that the beneficiaries of a trust do not have standing to assert malpractice claims against an attorney hired by the fiduciary. This conclusion, as the *Goldberg* court explained, follows from the general rule that an attorney owes a duty of care, and is thus answerable in malpractice, only to the client with whom the attorney stands in privity of contract. (*Goldberg v. Frye, supra,* at pp. 1267–1269.) Exceptions have been recognized only rarely, and then only when the specific facts of the case showed that the beneficiaries who sought standing to sue the fiduciary's attorney were intended, third party beneficiaries of the contract to provide legal services. (E.g., *Lucas v. Hamm, supra,* 56 Cal.2d 583, 588–590; *Biakanja v. Irving, supra,* 49 Cal.2d 647, 648–651; cf. *Goldberg v. Frye, supra,* at p. 1268.) The decision in *Goldberg*, while entirely correct, does not dispose of the case before us because California law does not equate the successor fiduciary's rights with those of the beneficiaries. Instead, as we

have explained, the Probate Code gives successor fiduciaries, but not beneficiaries, the same rights as predecessor fiduciaries, including the power to sue for malpractice causing loss to the estate. (See §§ 8524, subd. (c), 9820, subd. (a); see also *ante*, p. 529.)

 Indeed, the successor fiduciary must have standing to sue the predecessor's attorney if there is to be an effective remedy for legal malpractice that harms estates and trusts administered by successor fiduciaries. Defendants suggest the probate court may reduce the compensation payable to attorneys found to have rendered deficient performance on behalf of the estate. (*Estate of Kruger* (1900) 130 Cal. 621, 626 [63 P. 31]; cf. *Estate of Lagios* (1981) 118 Cal.App.3d 459, 464, fn. 4 [173 Cal.Rptr. 506].) But such a remedy protects the estate only to the extent of fees yet unpaid, rather than to the extent of any loss caused by malpractice. Defendants also argue the successor fiduciary may ask the probate court to surcharge the predecessor fiduciary, who in turn may assert a claim for malpractice against defendants. But this argument incorrectly assumes that the predecessor fiduciary is strictly liable, without fault, for losses caused by defendants' malpractice. To the contrary, a faultless fiduciary is not liable to surcharge. The Probate Code provides that, "[i]f the personal representative has acted reasonably and in good faith under the circumstances as known to the personal representative, the court, in its discretion, may excuse the personal representative in whole or in part from liability . . . if it would be equitable to do so." (§ 9601, subd. (b).) While this provision gives the court discretion, case law establishes that a court may not surcharge a fiduciary without substantial evidence that the particular loss was caused by the fiduciary's fault. (*Estate of Bonaccorsi* (1999) 69 Cal.App.4th 462, 472 [81 Cal.Rptr.2d 604].) "Liability [to surcharge] is predicated upon a *finding* that the [fiduciary] failed to faithfully perform the duties of managing the business affairs of the estate 'with that degree of prudence and diligence which a man of ordinary judgment would be expected to bestow upon his own affairs of a like nature.' " (*Estate of Lagios, supra*, 118 Cal.App.3d at p. 464, quoting *In re Moore* (1892) 96 Cal. 522, 525 [31 P. 584], italics in *Lagios*.) That being so, a court would abuse its discretion by surcharging a faultless predecessor fiduciary, at the request of a successor, simply to force the predecessor to sue an allegedly negligent attorney.  A discretionary ruling predicated on a required finding of fact is necessarily an abuse of discretion if no substantial evidence supports the fact's existence. (E.g., *People v. Superior Court (Jones)* (1998) 18 Cal.4th 667, 681–682 [76 Cal.Rptr.2d 641, 958 P.2d 393]; *People v. Eubanks* (1996) 14 Cal.4th 580, 594–595 [59 Cal.Rptr.2d 200, 927 P.2d 310].)

Defendants offer several additional arguments against permitting the successor fiduciary to sue them for alleged malpractice harming the estate. We address each in turn.

First, defendants argue that the Probate Code empowers a fiduciary to bring only "actions and proceedings *for the benefit of the estate*" (§ 9820, subd. (a), italics added) and that a fiduciary's suit against tax counsel for malpractice is an action for the fiduciary's personal benefit and not for the benefit of the estate. With this argument, defendants misread *Estate of Lagios, supra*, 118 Cal.App.3d 459. The *Lagios* court did not hold that a civil action by a fiduciary to recover money owed the trust is for the administrator's personal benefit rather than for the benefit of the estate. Instead, the court held only that the probate court has no power to *surcharge* a negligent attorney retained by a fiduciary. (*Id.*, at pp. 462–464.) *Lagios* is correct; the statutory remedy of surcharge (see § 9601) lies only against fiduciaries. But this does not mean, and *Lagios* did not hold, that a fiduciary's civil action against an attorney for malpractice harming the estate would not be "for the benefit of the estate" under section 9820, subdivision (a). To the contrary, the *Lagios* court noted that "the power to resolve disputes between the estate and a stranger rests solely within the province of the superior court in the exercise of its general jurisdiction." (*Estate of Lagios, supra*, 118 Cal.App.3d at p. 462; see *Schlyen v. Schlyen* (1954) 43 Cal.2d 361, 372–373 [273 P.2d 897].) Thus, to bring a suit for the benefit of an estate, a fiduciary ordinarily must invoke the superior court's general jurisdiction, as the Probate Code contemplates. (§ 9820, subd. (a).)

Next, defendants contend the predecessor fiduciary's duties were not delegable, so the successor fiduciary could not have acquired any right to sue defendants. The doctrine that a fiduciary's duties are not delegable, and that the fiduciary is strictly liable regardless of fault for all losses suffered by the trust, has never been fully embraced by California law. (See, e.g., *Estate of Taylor* (1877) 52 Cal. 477, 479 [holding that an executor was not justly chargeable with losses caused by an agent].) Indeed, the code permits a fiduciary to delegate acts the fiduciary cannot "reasonably be required personally to perform" (§ 16012, subd. (a)) and permits courts to excuse from liability fiduciaries who have acted reasonably and in good faith under the circumstances as known to the fiduciary (§§ 9601, subd. (b) [personal representatives], 16440, subd. (b) [trustees]). As an example of permissible delegation, the code expressly permits fiduciaries to "employ or retain *tax counsel*, tax auditors, accountants, or other tax experts for the performance of any action which such persons, respectively, may lawfully perform in the computation, reporting, or making of tax returns, or in negotiations or litigation which may be necessary for the final determination and payment of taxes, and pay from the funds of the estate for such services." (§ 10801, subd. (b), italics added.) Because a fiduciary must exercise " 'that degree of prudence and diligence which a man of ordinary judgment would be expected to bestow upon his own affairs of a like nature' " (*Estate of Beach* (1976) 15 Cal.3d 623, 631 [125 Cal.Rptr. 570, 542 P.2d 994], quoting *In re Moore*,

*supra*, 96 Cal. 522, 525), a fiduciary not expert in tax law would arguably have a duty to retain competent tax counsel, and a corresponding right to exemption from liability for losses caused solely by counsel's negligence.

Arguing for a broad rule of nondelegability, defendants cite *Estate of Spirtos* (1973) 34 Cal.App.3d 479 [109 Cal.Rptr. 919] and *In re Estate of Guiol* (1972) 28 Cal.App.3d 818 [105 Cal.Rptr. 35]. But those decisions could not take precedence over the Probate Code, even if they did support a broad rule of nondelegability. They do not support such a rule, in any event. In those decisions, fiduciaries were held liable for estate losses caused by their attorneys because the fiduciaries had completely abdicated their duties by surrendering to the attorneys the entire administration of the estates. (*Estate of Spirtos*, at pp. 488–489; *In re Estate of Guiol*, at pp. 825–826.) This limitation on permissive delegation is, itself, found in the Probate Code, alongside the provisions permitting delegation. (§ 16012, subd. (a) ["The trustee has a duty not to . . . delegate the entire administration of the trust to a cotrustee or other person"].) No one contends that Springer surrendered all of his fiduciary duties to defendants.

Next, defendants argue that to permit a successor fiduciary to sue an attorney hired by a predecessor fiduciary would have a "drastic and undesirable impact . . . on attorneys' duties of confidentiality and loyalty." We address the two duties separately.

Concerning the duty of loyalty, defendants argue that if they as attorneys owe a duty not just to the person who retained their services but also to the current occupant of the office of fiduciary, then certain conflicts of interest may arise. Here, for example, Springer, the predecessor fiduciary, confessed to the Faust defendants that he had improperly borrowed money from the estate and sought their advice on how to avoid the negative personal consequences of that indiscretion.[6] Using these facts as an illustration, defendants argue that a rule permitting a successor fiduciary to sue the predecessor's attorney for malpractice creates a potential conflict of interest if the attorney has advised the predecessor in both fiduciary and personal capacities.

The problem defendants identify is not the result of the proposed rule, which would only permit a successor fiduciary to sue an attorney whose malpractice has harmed the estate. Instead, the problem arises when, and

---

[6] Springer's unauthorized use of estate funds has no apparent connection with defendants' alleged malpractice in failing to file IRS form 843. In a separate cause of action, plaintiff has sued the Faust defendants for failing to take steps to protect the estate from the consequences of Springer's misappropriation. The lower courts have not addressed this claim, and we intimate no view on its merits.

because, an attorney undertakes to represent a fiduciary in the latter's personal and fiduciary capacities simultaneously, when that entails a conflict of interest. The situation is analogous to that presented when a corporation's officer seeks personal advice from corporate counsel. "The attorney for a corporation represents it, its stockholders and its officers in their *representative* capacity. He in nowise represents the officers *personally*." (*Meehan v. Hopps* (1956) 144 Cal.App.2d 284, 290 [301 P.2d 10], italics added.) Thus, for example, corporate counsel may not advise an embezzling officer on how to avoid personal liability to the corporation without thereby acquiring a conflict of interest with the corporation. Similarly, an attorney retained to advise a fiduciary in his or her official capacity, who is asked by the fiduciary for assistance in avoiding detection of and liability for misappropriation, faces a potential conflict of interest and may have no choice but to withdraw, as did defendants here. As we have previously explained, the law "requires a trustee to distinguish, scrupulously and painstakingly, his or her own interests from those of the beneficiaries . . . ." (*Moeller, supra,* 16 Cal.4th 1124, 1135.) Obviously, an attorney representing a fiduciary must observe the same distinction.

■ This problem, however, has little or nothing to do with the proposed rule. To permit a successor fiduciary to sue an attorney hired by a predecessor to perform legal work for the benefit of the estate, when the attorney's negligent work has harmed the estate, creates no conflict of interest. With respect to matters of estate administration, the predecessor and successor fiduciaries' interests are identical: Both have the power and duty to obtain competent legal representation for the purpose of fairly reporting the estate's tax liability.

■ Concerning the duty of confidentiality, defendant attorneys argue that to recognize any duty on their part to successor fiduciaries creates the possibility that confidential information disclosed by a predecessor fiduciary in his or her personal capacity will later have to be disclosed to a successor. This is incorrect. A successor fiduciary becomes the holder of the attorney-client privilege "*only* as to those confidential communications that occurred when the predecessor, in [*his or her*] *fiduciary capacity*, sought the attorney's advice *for guidance in administering the trust.*" (*Moeller, supra,* 16 Cal.4th 1124, 1134, first italics added.) Conversely, a successor fiduciary does *not* become the holder of the privilege for confidential communications that occurred when a predecessor fiduciary in his or her *personal capacity* sought an attorney's advice.

Finally, defendants note that courts in other states have denied successor fiduciaries standing to sue their predecessors' attorneys. The cited cases, however, are not persuasive as a matter of California law. The courts in

*Trask v. Butler* (1994) 123 Wn.2d 835 [872 P.2d 1080] and *Roberts v. Fearey* (1999) 162 Ore.App. 546 [986 P.2d 690], did refuse to permit successor fiduciaries to sue their predecessors' attorneys for malpractice. Both courts, however, appear to have assumed that successor fiduciaries have no different rights in this context than do beneficiaries. The courts thus denied standing based on the general rule that a fiduciary's attorney owes a beneficiary no duty of care unless the particular facts of the case make the beneficiary a third party beneficiary of the contract between the fiduciary and the attorney. (*Trask v. Butler, supra,* 872 P.2d at pp. 1083–1086; *Roberts v. Fearey, supra,* at pp. 692–696.) California law also recognizes that a fiduciary's attorney normally owes the beneficiaries no duty of care. (*Goldberg v. Frye, supra,* 217 Cal.App.3d 1258, 1267; cf. *Wells Fargo Bank v. Superior Court, supra,* 22 Cal.4th 201, 208–209.) In contrast, however, California law does not equate the successor fiduciary's rights with those of the beneficiaries. Instead, as we have explained, the Probate Code gives successor fiduciaries the same powers and duties their predecessors possessed, including the power to sue for malpractice harming the trust. (See §§ 8524, subd. (c), 9820, subd. (a); see also *ante,* p. 530.)

## III.   DISPOSITION

The decision of the Court of Appeal is reversed and remanded for further proceedings consistent with the views expressed herein.

George, C. J., Kennard, J., Baxter, J., Chin, J., Brown, J., and Moreno, J., concurred.