Filed 12/29/15  Nassirzadeh v. Williams CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| EDMOND NASSIRZADEH,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>JAMES WILLIAMS,<br><br>    Defendant and Respondent. | B260592<br><br>(Los Angeles County<br>Super. Ct. No. BC482832) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Teresa Sanchez-Gordon, Judge.  Reversed and remanded.

Laura F. Seraso for Plaintiff and Appellant.

Dermot Givens and Edward Cosgrove for Defendant and Respondent.

_____

A former trustee who was removed from his position has no standing to pursue a legal claim against an attorney who represented the former trustee in a matter concerning trust property. The trial court erred as a matter of law by allowing the former trustee to pursue claims on behalf of the trust. The trial court was obliged to either substitute the successor trustee into the case as the real party in interest, or transfer the case to the probate court to ensure that the interests of the trust beneficiaries are protected. We reverse and remand the case for further proceedings.

**FACTS**

Plaintiff Edmond Nassirzadeh is a California lawyer. Defendant and cross-complainant James Williams is a former trustee of The Williams Family Trust (the Trust). Plaintiff was retained in 2008 to file a partition action to secure the sale of a building in which the Trust had a 50 percent interest. The retainer agreement names the Trust as plaintiff's client.

After receiving a $5,000 retainer fee, plaintiff filed a partition action on behalf of the then-trustee, Williams. The partition action was resolved with a settlement agreement signed by Williams, as trustee, in March 2010. The settlement agreement required the partition action defendant to pay the Trust $175,000. When plaintiff sent the Trust a check from his attorney-client trust account in August 2010, he remitted $119,382.50, not the full settlement amount, subtracting $55,617.50 to cover his claimed legal fees.

Williams was removed as trustee in 2011, and a successor trustee was appointed. After being removed as trustee, Williams petitioned the Los Angeles County Bar Association for a nonbinding fee arbitration, which was heard by a three-person arbitration panel in 2012. The panel rejected plaintiff's claim that Williams lacked standing to proceed and found that plaintiff's fees were unreasonable. The arbitration award required plaintiff to remit $50,000 to Williams, as former trustee of the Trust.

Plaintiff filed this lawsuit seeking trial de novo. He alleges that Williams lacks standing to pursue a disgorgement of fees. Plaintiff demurred to Williams's cross-

complaint, which makes claims for fraud and legal malpractice, and reasserted his contention that Williams lacks standing to sue.[1]

Plaintiff moved for summary judgment, arguing that the successor trustee who replaced Williams is the sole person with standing to contest the attorney fees plaintiff received for his work on the partition action. The record does not contain Williams's opposition, or the trial court's ruling on the motion for summary judgment. Presumably, the motion was denied because the dispute went to trial. Plaintiff filed trial briefs, renewing his claim that Williams lacks standing.

Following a three-hour bench trial, the court ruled after considering the testimony, exhibits, and trial briefs. It wrote, "The evidence established that the sum of $55,617.50 was improperly retained by plaintiff, and was not earned nor reasonable. [¶] Accordingly, the prevailing party, defendant James Williams, as former Trustee of the Williams Family Trust, is owed the sum of $55,617.50," plus arbitration fees of $3,500.

## DISCUSSION

Williams invoked the Mandatory Fee Arbitration Act, under which an attorney may be required to arbitrate fee disputes. (Bus. & Prof. Code, § 6200, subd. (c).) A nonbinding arbitration award is subject to trial de novo. (*Schatz v. Allen Matkins Leck Gamble & Mallory LLP* (2009) 45 Cal.4th 557, 561; Bus. & Prof. Code, § 6204, subds. (a)-(b).) On appeal, we review the trial court's judgment, not the arbitration award. (*Giorgianni v. Crowley* (2011) 197 Cal.App.4th 1462, 1471.) Review is de novo, in the absence of disputed factual issues. (*Id.* at pp. 1471-1472; *Advanced Micro Devices, Inc. v. Intel Corp.* (1994) 9 Cal.4th 362, 376, fn. 9; *Toal v. Tardif* (2009) 178 Cal.App.4th 1208, 1217.)

---

[1]     Plaintiff did not include Williams's cross-complaint in the record on appeal, nor evidence that the trial court ruled on it. Instead, plaintiff's appendix has four copies of the partition lawsuit, along with a four copies of a lengthy (and irrelevant) title report appended to that lawsuit.

3

The dispositive issue on appeal is whether Williams has standing to pursue a fee disgorgement from plaintiff and malpractice and fraud claims, after being removed from his position as trustee. A litigant's lack of standing is a threshold issue that may be raised at any time, whether at trial or on appeal. (*Blumhorst v. Jewish Family Services of Los Angeles* (2005) 126 Cal.App.4th 993, 1000.) We conclude that Williams did not have standing to proceed, once a successor trustee was appointed.

"The powers of a trustee are not personal to any particular trustee but, rather, are inherent in the office of trustee. It has been the law in California for over a century that a new trustee 'succeed[s] to *all* the rights, duties, and responsibilities of his predecessors.'" (*Moeller v. Superior Court* (1997) 16 Cal.4th 1124, 1131.) "A new trustee succeeds to all the rights, duties and responsibilities of his or her predecessors, *including those related to dealings with an attorney retained to assist the trustee in the management of the trust.*" (*Eddy v. Fields* (2004) 121 Cal.App.4th 1543, 1548, italics added.)

The Probate Code ensures that a successor trustee "can seamlessly take over the fiduciary role and protect the interests of the estate," which includes recovering losses caused by an attorney retained by a prior trustee. (*Stine v. Dell'Osso* (2014) 230 Cal.App.4th 834, 842.) Attorneys who commit legal malpractice are answerable to successor fiduciaries, even if the attorneys were retained by a predecessor fiduciary. (*Borissoff v. Taylor & Faust* (2004) 33 Cal.4th 523, 528-529.) In the case at bench, plaintiff was retained by a predecessor trustee of The Williams Family Trust. The "client," according to plaintiff's retainer agreement, is the Trust. This is incorrect: "The trust is not the client, because 'a trust is not a person but rather "a fiduciary *relationship* with respect to property."'" (*Id.* at p. 529.) Despite being legally incorrect, plaintiff's designation of the Trust as his client acknowledges that his duty of care ran to the Trust, as opposed to the personal interests of the individual who signed the retainer agreement.

Plaintiff represented Williams as the then-trustee in the partition action, until the action ended in a settlement agreement. One year after the partition action ended, Williams was removed as trustee. Following his removal as trustee, Williams began to pursue the Trust's legal claims against plaintiff. Williams has provided no proof that the

4

express terms of the Trust authorize him, following removal, to act in the stead of the successor trustee in a legal action brought for the benefit of the Trust.

Once Williams was removed from the position of trustee in 2011, his powers ended, and were conferred upon the trustee who succeeded him. The successor trustee "has the same powers and duties" to sue for malpractice. (*Borissoff v. Taylor & Faust*, *supra*, 33 Cal.4th at p. 530.) "Indeed, the successor fiduciary must have standing to sue the predecessor's attorney if there is to be an effective remedy for legal malpractice that harms estates and trusts administered by successor fiduciaries." (*Id.* at p. 531.)

Pursuing an attorney who has taken money from the Trust negligently or through fraud is a component of a trustee's "duty to take reasonable steps to enforce claims that are part of the trust property" and "duty to take reasonable steps to defend actions that may result in a loss to the trust," duties that cannot be delegated to others, apart from hiring a lawyer to represent the trustee. (Prob. Code, §§ 16010, 16011, 16012.)

The record does not disclose whether Williams's successor delegated the responsibility of pursuing plaintiff to Williams. If so, the attempted delegation fails because the current trustee is the person authorized to sue. "The trustee has the power to prosecute or defend actions, claims or proceedings for the protection of trust property." (Prob. Code, § 16249.) The statute refers to the current trustee, not former trustees.

"Every action must be prosecuted in the name of the real party in interest." (Code Civ. Proc., § 367.) In litigation involving trust property, the trustee is the real party in interest. (*Moeller v. Superior Court*, *supra*, 16 Cal.4th at p. 1132, fn. 3; *Nicholson v. Fazeli* (2003) 113 Cal.App.4th 1091, 1102.) "[T]he trustee is the real party in interest because he is the one in whom title to the cause is vested." (*Powers v. Ashton* (1975) 45 Cal.App.3d 783, 787.) If the trustee cannot or will not enforce a valid cause of action that the trustee ought to bring against a third party, the trust beneficiaries may seek judicial compulsion in the probate court against the trustee to prevent loss of the claim. (*Saks v. Damon Raike & Co.* (1992) 7 Cal.App.4th 419, 427-428.)

The successor trustee is the person who has the right and the duty to pursue Trust claims against plaintiff, because plaintiff's legal fees were paid by (or taken from the

5

settlement monies payable to) the Trust. The legal fees were not paid by Williams personally, nor did plaintiff owe Williams a duty as a private individual, only as trustee of the Trust in the partition action. Williams's powers as trustee ceased in 2011 upon his removal from office and the appointment of a successor. This was *not* "the transfer of an interest in [an] action or proceeding" pursuant to Code of Civil Procedure section 368.5, which pertains to assignments and does not apply to the cessation of a trustee's powers following the appointment of a successor trustee. The orderly administration of trusts would be disrupted if former trustees were permitted to unilaterally make decisions about trust management, after management powers have been transferred to a successor trustee.

The trial court committed legal error by proceeding with plaintiff's lawsuit against Williams and Williams's cross-complaint against plaintiff for legal malpractice and fraud without first substituting the successor trustee of the Trust into the case as defendant and cross-complainant. The court may retry the dispute if the successor trustee substitutes into the case. (See *Branick v. Downey Savings & Loan Assn.* (2006) 39 Cal.4th 235, 243, and *Cloud v. Northrop Grumman Corp.* (1998) 67 Cal.App.4th 995, 1001-1010 [if a party lacks standing, the courts permit someone with standing to substitute into the case by amendment as the real party in interest, and the change relates back to the original filing].) Or, the trial court may on its own motion, transfer this action to the probate department to ensure that the rights of the Trust beneficiaries are protected. (*Saks v. Damon Raike & Co.*, *supra*, 7 Cal.App.4th at p. 430, fn. 8.)[2]

---

[2] The claims against plaintiff cannot be dismissed out of hand, inasmuch as both the arbitration panel and the trial court ordered plaintiff to disgorge his legal fees, even if Williams lacked standing to pursue the claims on behalf of the Trust.

6

## **DISPOSITION**

The judgment is reversed, and the case is remanded for further proceedings in accordance with this opinion.  Appellant Edmond Nassirzadeh may recover his costs on appeal from respondent James Williams.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


BOREN, P.J.

We concur:


CHAVEZ, J.


HOFFSTADT, J.