Filed 5/19/23  In re Andrea A. CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re ANDREA A., a Person Coming Under the Juvenile Court Law. | B322272 |
| _____ | |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. 21CCJP02002) |
| Plaintiff and Respondent, | |
| v. | |
| JEREMY A., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Tara Newman, Judge.  Affirmed.

Benjamin Elkenes, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the County Counsel, Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and David

Michael Miller, Deputy County Counsel for Plaintiff and Respondent.

_____

Jeremy A. (father) appeals from a final custody judgment entered pursuant to Welfare and Institutions Code[1] section 362.4. Father's sole contention on appeal is that the juvenile court abused its discretion by denying him unmonitored visits with his daughter, Andrea A., because it erroneously concluded that he had not made substantial progress in his court-ordered domestic violence treatment program. We find no error, and thus we will affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Andrea (born in August 2020) is the only child of father and C.K. (mother). Mother has two older children by another father, A.E. (born in 2011) and D.E. (born in 2014).

In September 2021, the juvenile court sustained a petition alleging that father (1) abused alcohol, (2) physically abused D.E. by biting, dragging, and choking him, (3) physically abused A.E., and (4) had a history of violent altercations with mother. The court declared the three children juvenile court dependents and placed Andrea with mother under DCFS supervision. Father was ordered to complete a 52-week domestic violence class, a substance abuse program, and parenting classes, to participate in individual therapy, and to test weekly for substance use.

Father enrolled in a domestic violence program in August 2021 and, by June 2022, had completed 43 of 52 sessions.

_____

[1]     All subsequent statutory references are to the Welfare and Institutions Code.

2

He was reported to be consistent with attendance and participation and to have made " 'tremendous progress.' " He completed court-ordered parenting classes and individual therapy, and attended Alcoholics Anonymous meetings, which he reportedly found helpful. However, by June 2022, father still had not enrolled in a substance abuse program. Further, he had not consistently drug tested: Between October 2021 and February 2022, father tested negative for all substances 12 times but missed several scheduled tests, and between March and May 2022, father tested negative three times and missed six scheduled tests.

Father visited Andrea regularly in November, December, and January, and was described as loving, patient, and caring during visits. However, he moved to Arizona for work between late January and late March 2023 and did not visit Andrea during that time. He moved back to Los Angeles in late March and had two visits with Andrea in May.

In May 2022, the Los Angeles County Department of Children and Family Services (DCFS) reported that Andrea was safe in mother's care, and it thus recommended that court jurisdiction be terminated with an order giving the parents joint legal custody and giving mother sole physical custody. However, DCFS said that because father had not regularly visited Andrea or drug tested, it could not evaluate his sobriety or protective capacity, and it thus recommended that the court permit him monitored visitation only.

The juvenile court held a review hearing on June 24, 2022. Counsel for Andrea and for mother concurred in DCFS's recommendation and urged that court jurisdiction be terminated. Father's counsel requested that the case remain open, noting that

father had made significant progress but had not been able to complete all of the court-ordered programs because he had been working out of state. Counsel further requested that if the court were inclined to terminate jurisdiction, that it permit father unmonitored visits with Andrea.

The court found continued supervision was no longer necessary and terminated jurisdiction, granting mother sole physical custody and granting the parents joint legal custody. The court declined to permit father unmonitored visits, however, noting that although Andrea was reported to have enjoyed her visits with father, "the visits have been inconsistent . . . [and] [f]ather has not completed his substance abuse program as ordered." The court therefore granted father nine hours of visitation per week, to be monitored by a mutually agreed upon monitor or a professional monitor paid for by father. The attachment to the written custody judgment stated that father's visits were to remain monitored because father "has not completed" and/or "has not made substantial progress in" "[a]lcohol abuse treatment program with random testing" and "[d]omestic violence treatment program for offenders."

Father timely appealed from the custody judgment.

## DISCUSSION

Father contends that substantial evidence does not support the portion of the custody judgment identifying his failure to make substantial progress in his domestic violence program as a reason for denying him unmonitored visitation. He thus urges that this basis for ordering supervised visitation should be stricken, and the matter returned to the juvenile court to consider whether father's visits with Andrea need to be

4

supervised.  For the reasons that follow, we find no error, and thus we will affirm.

### A.      Standard of review.

" '[T]he juvenile court has broad discretion to make custody [and visitation] orders when it terminates jurisdiction in a dependency case (§ 362.4).' [Citation.]  We review the juvenile court's exit orders for an abuse of that discretion.  [Citations.] We will not disturb the juvenile court's decision ' " 'unless the trial court has exceeded the limits of legal discretion by making an arbitrary, capricious, or patently absurd determination.' " ' " (*In re J.M.* (2023) 89 Cal.App.5th 95, 112; see also *In re M.R.* (2017) 7 Cal.App.5th 886, 902.)

A trial court abuses its discretion if it applies an incorrect legal standard.  (*People v. Nakano* (2023) 89 Cal.App.5th 623, 635–636, quoting *Costco Wholesale Corp. v. Superior Court* (2009) 47 Cal.4th 725, 733.)  A discretionary ruling predicated on a required finding of fact "is necessarily an abuse of discretion if no substantial evidence supports the fact's existence."  (*Borissoff v. Taylor & Faust* (2004) 33 Cal.4th 523, 531.)

### B.      The juvenile court did not abuse its discretion by requiring that father's visitation be supervised because, among other things, father had not made substantial progress in his domestic violence treatment program.

Father concedes that at the time of the June 2022 hearing he had not completed his court-ordered domestic violence or alcohol abuse programs and had not regularly drug-tested.  He also appears to concede that his failure to complete these programs would, without more, support the juvenile court's order

5

requiring that his visits with Andrea be supervised. Father contends, however, that the juvenile court abused its discretion by stating as an *additional* basis for its visitation order that he had not "made substantial progress" in his domestic violence program, a finding father contends is not supported by substantial evidence. He further contends this error was prejudicial because it is reasonably likely that, absent this finding, the juvenile court would have made a different order.

It is undisputed that by the June 2022 hearing, father had completed 43 of 52 sessions of his court-ordered domestic violence program, and the program's assistant director reported that father had been consistent in his attendance, attentive to all topics, and open to feedback from the facilitator and peers. Father urges that on this record, "[g]iven father's near completion of his 52-week domestic violence program for offenders, along with the reports of his tremendous progress and participation, there was no substantial evidence supporting a finding that father had *not* made substantial progress in his domestic violence treatment program for offenders."

Not so. "[W]here the issue on appeal turns on a failure of proof at trial, the question for a reviewing court becomes whether the evidence compels a finding in favor of the appellant *as a matter of law*." (*In re I.W.* (2009) 180 Cal.App.4th 1517, 1528 (italics added), disapproved on other grounds in *Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1010, fn. 7; *In re Matthew M.* (2023) 88 Cal.App.5th 1186, 1194 [same].) Accordingly, to conclude that the juvenile court's finding that father did not make substantial progress in his domestic violence treatment program was not supported by substantial evidence, we would have to conclude that father's completion of 10 months of a 12-month program is

6

"substantial progress" as a matter of law. Father cites no authority that compels this conclusion, and we do not agree. To the contrary, we conclude that the trial court was well within its discretion by concluding that father's failure to complete nine of 52 required sessions constituted both a failure to complete *and* a failure to make "substantial progress" in the domestic violence treatment program.

Moreover, even if the trial court's finding that father failed to make substantial progress in his domestic violence program was error, that finding was not prejudicial. Father contends the finding caused him prejudice because "[i]t is reasonably probable that, had the juvenile court not included an unsupported basis for its supervised visitation order, it would not have ordered that father's visits with Andrea be supervised." But there is no suggestion that the juvenile court was confused about the underlying facts, i.e., that father had successfully completed 43 of the required 52 domestic violence classes. It is not reasonably probable that, had the juvenile court differently characterized these undisputed facts, it would have reached a different conclusion regarding Andrea's safety with father in an unsupervised setting.

Finally, the juvenile court's characterization of father's progress is not likely to prejudice him in any future proceedings in a family court. Pursuant to section 302, subdivision (d), the juvenile court's order requiring that father's visits with Andrea be monitored may be modified if a family court concludes that "there has been a significant change of circumstances since the juvenile court issued the order and modification of the order is in the best interests of the child." Completion of father's court-ordered domestic violence program will undoubtedly be relevant

7

to that analysis regardless of whether his earlier failure to have done so is characterized as failure to "complete," or a failure to make "substantial progress" in, that element of his case plan.

## DISPOSITION

The final custody judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P.J.

We concur:

LAVIN, J.

HEIDEL, J.*

---

\*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8