PETERSON, J.
Shirley Onofrio, as personal representative of the Estate of Elna N. Vincent (Vincent), appeals a final order in a probate proceeding that denied her request for the return of fees paid to a law firm who represented a personal representative under a will that was found invalid because of undue influence.
Vincent died on April 12, 1994 and Harold Laushway, a non-relative, produced her will dated March 4, 1994 (1994 Will) under which he was the sole beneficiary and personal representative. Laushway retained Johnston & Sasser, P.A. (J & S) to represent him in the estate proceedings.
Onofrio filed a petition to revoke the probate on June 2, 1994 and produced Vincent’s 1979 will (1979 Will) in which Onofrio was named as a beneficiary and personal representative. She was successful in having the 1994 will declared invalid because of Laushway’s undue influence and learned on April 19, 1995 from a curator’s report that J & S had received fees approximating $16,000 from Laushway for services pertaining to the probate of the 1994 will and for defending Laushway in the action to revoke probate.
Onofrio was appointed personal representative (PR Onofrio) under the 1979 Will on May 30, 1996 and attempted to surcharge and collect from Laushway the $16,000 paid to J & S for fees. When collection efforts proved fruitless, she turned her efforts for reimbursement toward J & S by moving for an order requiring J & S to repay the fees. The trial court denied the request concluding that J & S provided reasonable and proper legal services and fulfilled its obligation representing Laushway.
We first turn to J & S’s defense that the four year statute of limitations prescribed in section 95.11(3)(f), Florida Statutes (1996) bars any recovery by PR Onofrio. The basis of the PR Onofrio’s request for recovery of the fees was section 733.6175, Florida Statutes (1996).[1] J & S argues that the action is “founded on a statutory liability” having a four year limitations period. The troublesome issue generated by the argument is determining when the statute begins to run. The alternatives include:
1. When Onofrio learned about the fees on April 19,1995, but before she was appointed personal representative.
2. When the order declaring the will invalid became final by this court’s mandate on April 17,1996.
3. When Onofrio was appointed personal representative on May 30, 1996.
*1021 Onofrio, as an individual, may have become an “interested person” as that term is defined by section 731.21, Florida Statutes (1996), because she was a “person who may reasonably be expected to be affected by the outcome of the particular proceeding,” to wit: revocation of the probate and a beneficiary of the 1979 Will. However, Onofrio, as the personal representative named in a will not yet admitted to probate, was not an interested person. The personal representative under v the 1979 will came into existence only when she received letters testamentary. It was not until then that PR Onofrio came into existence, could take notice of events, and could take any action on any estate matter.
If PR Onofrio could not take action to obtain the return of fees paid to J & S by Laushway until court appointment, it would be patently unfair to allow the statute to run against PR Onofrio in her representative capacity in the absence of intentional delay or laches. If the revocation proceedings had spanned a period of over four years from the time of payment of fees to J & S with knowledge by Onofrio personally, application of the statute to bar action by the PR Onofrio, would leave the PR Onofrio without a remedy. Similarly, if the revocation proceedings and subsequent appointment of Onofrio as personal representative had taken a few days short of four years from the time PR Onofrio learned of the payment of fees, it would be unfair to place the time constraint of a few days on PR Onofrio to file suit. A statutory solution to the dilemma is not prescribed.
We conclude that the four year statute of limitations began running when Onofrio was appointed as personal representative. It was only at the time of appointment that the personal representative of the estate under the 1979 Will could first became aware of the fees paid to J & S because PR Onofrio did not exist prior to the date of appointment.
Having concluded that PR Onofrio is not barred by section 95.11(3)(f), we next consider whether J & S must disgorge its fees after its client from whom payment was received was removed as personal representative because the will nominating him was set aside for undue influence. PR Onofrio argues that the estate received no benefit from J & S’s representation, and therefore, fees are refundable under section 733.6175.
The personal representative in In re Estate of Hand, 475 So.2d 1337 (Fla. 3d DCA 1985) unsuccessfully attempted to probate a will which, in an unchallenged final judgment, the personal representative was found to have procured through undue influence. The trial court granted the personal representative’s motion for attorney’s fees and costs based on a finding that the services rendered by the personal representative’s attorneys benefitted the estate. The Third District reversed this award, holding that “as a matter of law, a proponent of a will who has been found to have procured it through undue influence is not entitled to be awarded attorney’s fees and costs from the decedent’s estate.” Id. at 1338; see also Cushing v. Estate of Reynolds, 489 So.2d 1204 (Fla. 3d DCA 1986). Services rendered in an unsuccessful attempt to probate a will are of no benefit to the estate. See Hand, 475 So.2d at 1339. “Exposure of an estate to the offer of spurious wills ... is of no more benefit ‘than exposure to contagious disease.’ ” Id. at 1339-40 (quoting In re Graham’s Estate, 156 Fla. 421, 23 So.2d 485, 489-90 (1945)).
The Hand opinion also recognized that the benefit rule would affect attorneys acting in good faith:
The attorneys’ good faith in undertaking the representation of a proponent of a *1022 will who is later found to have wrongfully procured the will surely does not outweigh the rights of the beneficiaries of the decedent’s estate to see to it that the estate is not “consumed by the payment of fees for supposed benefits of the services of the attorneys for the several proponents.” We do not think it an unduly harsh rule of law that the attorney who represents the wrongdoer look to the wrongdoer for compensation. Where, as between two innocent parties. — the attorney and the estate — only one — the attorney — is in a position to protect himself from being victimized by the wrongdoer-proponent, the attorney should bear the loss if the wrongdoer does not pay.
Id. at 1340 (internal citations omitted).
In Beck v. Beck, 383 So.2d 268 (Fla. 3d DCA 1980), a beneficiary used section 733.6175 to challenge attorney’s fees paid out of the estate. The funds were paid without a court order. The Third District held that the burden of proving the reasonableness and necessity of the fees was properly placed upon the personal representative. It also held that because the personal representative failed to meet this burden, he was properly held liable for any excessive amounts. In a footnote, the opinion noted:
Had the attorneys who received the compensation been afforded notice and been joined in the proceedings, the court might have required them to make appropriate refunds.
Id. at 271 n. 6. (citing Fla. Stat. § 733.6175 (1977)).
PR Onofrio urges that the fees paid to J & S should be refunded in toto because absolutely no benefit for their services was received by the estate. We partially disagree. For example, but without limitation, J & S provided some services to the estate such as publishing notice to the creditors, and perhaps protecting assets, and considering and dealing with tax issues. We do agree with PR Onofrio that J & S’s fees for defending Laushway’s attempt to validate the 1994 did not benefit the estate and should not be bourne by the estate.
We vacate the order finding that J & S may retain all of the fees paid to it by Laushway and remand to the trial court to determine the portion of J & S services that resulted in a benefit to the estate.
ORDER VACATED; REMANDED.
COBB and PALMER, JJ., concur.

. Section 733.6175, which reads the same today as it did in 1996, states:
733.6175 Proceedings for review of employment of agents and compensation of personal representatives and employees of estate. — After notice to all affected interested persons and upon petition of an interested person bearing all or part of the impact of the payment of compensation to the personal representative or any such person employed by him or her, the propriety of such
employment and the reasonableness of such compensation or payment may be reviewed by the court. The burden of proof by propriety of such employment and the reasonableness of the compensation shall be upon the personal representative and the person employed by him or her. Any person who is determined to have received excessive compensation from an estate for services rendered may be ordered to make appropriate refunds.