FARMER, J.
The owner of property sold to pay delinquent taxes complains that a Clerk’s sale is defective because he was not given notice of a second sale date after he failed to attend the first sale date set by the Clerk of Court. In affirming, we find no constitutional defect in the statutory notice provision.
Section 197.542(3) provides that notice of a tax deed sale need not be sent to the landowner when the first sale is not completed because the high bidder fails to make payment and a second sale is held within thirty days. The statute says:
“If the sale is canceled for any reason, the clerk shall immediately readvertise the sale to be held no later than 30 days after the date the sale was canceled. Only one advertisement is necessary. No further notice is required.”
The owner argues that in failing to require another notice of sale to the delinquent owner the statute is invalid under Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950), and Mennonite Board of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983). We disagree.
In addressing such tax deed sales the Florida Supreme Court agreed that due process requires notice reasonably calculated to apprise owners of the pending sale of their property. But the court has explicitly held that “[sjubject to this limitation, the legislature has the authority to determine the extent and character of the notice which shall be given by the state before property is sold for nonpayment of taxes.” Dawson v. Saada, 608 So.2d 806, 808 (Fla.1992); accord Saggese v. Dep’t of Revenue, 770 So.2d 1244 (Fla. 4th DCA 2000). Thus, so long as a landowner receives notice of the impending sale of his property under a scheduled tax deed sale, secondary notices are not mandatory for due process concerns. As the court explained in Dawson:
“section 197.522(1) meets constitutional due process requirements by mandating notice reasonably calculated to apprise landowners of the pending deprivation of their property. Section 197.522(2) provides an additional opportunity for owners of tax-delinquent property to redeem their interest when circumstances allow the sheriff to make service of notice upon the landowner. However, the leg *205 islature has clearly stated that any failure on the part of the sheriff to serve notice upon the titleholder would ‘not affect the validity of the tax deed.’ § 197.522(2), Fla. Stat. (1987). Moreover, ‘[t]he failure of anyone to receive notice’ as provided in section 197.522(1) does not affect the validity of the tax deed as long as the clerk complies with the notice requirements of subsection (1).
“Based upon the plain language of section 197.522, we find that subsection (1) specifies the mandatory duties of the clerk upon an application for a tax deed, namely that the clerk must notify by mail the persons listed in the tax collector’s statement. However, subsection (2), which provides for additional notice by the sheriff, is directory only.
“This construction of section 197.522 is consistent with the modern trend of courts to regard many statutory provisions relating to the validity of tax sales as merely directory rather than jurisdictional.”
Dawson, 608 So.2d at 808. Thus, because the clerk sent notice of the certificate application and tax deed sale to the landowner as required by subsection one, the sheriffs failure to serve another notice when the first auction failed to result in an actual sale does not invalidate the tax deed. 608 So.2d at 809.
Section 197.542(3) is obviously not identical to section 197.522, in that the former pertains to a secondary notice of the same sale while the latter pertains to original notice to the title holder of the fact that the property will be sold for unpaid taxes. As regards due process concerns, however, the two statutes are functionally indistinguishable and the court’s holding in Dawson is applicable here.
We stress that the owner was given notice of the first sale but failed to attend the sale and bid on the property. Had he done so, undoubtedly the Clerk would have included the owner in the follow-up sale. In this sense the owner is master of his own fate.
AFFIRMED.
WARNER and GROSS, JJ. concur.