PER CURIAM.
 

 In this workers’ compensation appeal, Claimant challenges an order of the Judge of Compensation Claims (JCC) that denies his claim for a primary care provider under his employer’s managed care arrangement. Because the JCC errantly denied this benefit, we reverse.
 

 Claimant suffered compensable injuries, both physical and psychological, for which he was furnished authorized medical care by his employer and its workers’ compensation carrier (E/C), under a managed care arrangement. Claimant sought to exercise his right to select or change his primary care provider, as seemingly guaranteed by section 440.134(6)(c)10., Florida Statutes (2008), and Florida Administrative Code Rule 59A-23.003(7)(i) (providing injured employee “shall have the right to select a primary care provider and thereafter, to request one change of primary care provider ... during the course of treatment”).
 

 The JCC denied Claimant the right to select or change his primary care provider on the basis that Claimant failed to introduce the managed care plan or agreement (the contract entered into by the Employer with a third party) into evidence, and thereby failed to
 
 persuasively
 
 establish such a right. The JCC alternatively concluded that Claimant was required to prove that a primary care provider, or a change in same, was medically necessary.
 

 Because every workers’ compensation managed care arrangement under section 440.134 “must include” a provision “for the selection of a primary care provider by the employee,” and further, because the Florida Administrative Code Rule regulating managed care authorization procedures provides that every “injured employee” receiving medical services under a workers’ compensation managed care arrangement “shall have the right to select a primary care provider and, thereafter, to request one change of primary care provider ... during the course of treatment for each injury,” we conclude it was error for the JCC to require Claimant to introduce the managed care plan into evidence to establish such a legal right. The right is established as a matter of legislative decree, to which any contractual rights would be subordinate.
 
 See
 
 § 440.134(6)(c)10., Fla. Stat. (2008);
 
 see also
 
 Fla. Admin. Code R. 59A-23.003(7)(i).
 

 Moreover, because an injured employee has been legislatively granted, in mandatory language, the unmitigated right to select and change his or her primary care provider during the course of treatment for an injury, we conclude that this right is not dependent upon a showing of medical necessity.
 
 See Nunez v. Pulte Homes, Inc.,
 
 985 So.2d 695 (Fla. 1st DCA 2008) (concluding that statute providing injured employee mandatory right to change of physician during “the course of treatment” does not require employee to demonstrate medical necessity of change);
 
 see also Sunbelt Health Care v. Galva,
 
 7 So.3d 556, 560-61 (Fla. 1st DCA 2009) (stating “[u]nder the managed care statute, the managed care plan must include a provision for the employee’s selection of a primary care provider,” and declaring that such right is “similar and parallel” to right to change in physician contained in section 440.13(2)(f) — a right not dependent on showing of medical necessity).
 

 Accordingly, we REVERSE the order denying Claimant the right to select or change his primary care provider, and REMAND for the entry of an order granting Claimant the benefit requested.
 

 
 *119
 
 BENTON, C.J., LEWIS, J., and DODSON, CHARLES W„ Associate Judge, concur.