PER CURIAM.
 

 In this workers’ compensation appeal, Claimant argues the Judge of Compensation Claims (JCC) erred in denying her request to select or change her primary care provider and likewise erred in denying her claim for attorney’s fees and costs. We agree the JCC erred and reverse for further proceedings consistent with this opinion.
 

 Background
 

 The relevant facts are not in dispute. Claimant sustained a compensable repetitive motion injury on April 11, 2001, involving both hands/wrists. At all times relevant to this appeal, medical treatment was
 
 *193
 
 provided to Claimant via a managed care arrangement. When Claimant became dissatisfied with her initial treating orthopedic physician, Dr. Rodriguez, she filed a petition for benefits seeking an alternative physician, which resulted in her and her attorney selecting Dr. Okun, also an orthopedic physician, to provide treatment. Claimant first saw Dr. Okun on September 16, 2009, and remained under his care through the time of the hearing under review.
 

 On October 22, 2010, Claimant filed another petition for benefits, this one seeking authorization for a primary care provider as well as attorney’s fees and costs. The Employer/Carrier (E/C) asserted that Dr. Okun, based on the definitions in chapter 440, Florida Statutes, was both a primary care provider and an authorized treating physician and, under the facts of this case, such a combination was not inappropriate. The JCC denied the claims, finding that authorization of a separate primary care provider seemed redundant and not medically necessary. The JCC specifically accepted the E/C’s argument that Dr. Okun could serve as both an authorized treating physician and a primary care provider.
 

 Analysis
 

 Because resolution of this issue requires statutory interpretation, our review is de novo.
 
 See Lombardi v. S. Wine & Spirits,
 
 890 So.2d 1128, 1129 (Fla. 1st DCA 2004). Two provisions, one statute and one rule, are relevant in this analysis. Section 440.134(6)(c)10., Florida Statutes (2000), provides that the managed care plan of operation must include “[a] provision for the selection of a primary care provider by the employee from among primary providers in the provider network.” Florida Administrative Code Rule 59A-23.003(7)(i) requires this of the provider network:
 

 The insurer or delegated entity, may direct injured employees to a single primary care provider or a selected group of primary care providers .within the provider network for assessment and initial treatment. However, the employee shall have the right to select a primary care provider and thereafter, to request one change of primary care provider and of each authorized treating specialty provider during the course of treatment for each injury.
 

 The E/C’s managed care program states that it “shall include”:
 

 j. A provision for the selection of a [primary care provider] by the employee from among primary providers in the provider network:
 

 The provision for the selection for a primary care provider by the employee from among primary providers in the provider network is described in the policy entitled “Assuring Covered Employees Receive All Initial Services From a [Primary Care Provider] Participating in the Provider Network, Except for Emergency Care”.
 

 The policy referenced in that statement was not included in the record; however, such an omission does not preclude this analysis.
 
 See Theiss v. City of Panama City Beach,
 
 65 So.3d 117, 118 (Fla. 1st DCA 2011) (holding right to select primary care provider is legislatively decreed; thus, it was not necessary for claimant to introduce into evidence managed care plan to establish rights).
 

 The record is unclear as to whether Claimant’s request for a change in physician from Dr. Rodriguez to Dr. Okun was a request for a change only as to the authorized treating specialist or whether it was also her initial selection of a primary care provider. Based on the plain language of the rule, however, the answer to that question is not relevant here. Because an injured employee whose medical
 
 *194
 
 treatment is provided via a managed care arrangement is entitled to select a primary-care provider and thereafter select one change in primary care provider, Claimant was entitled to make a selection.
 
 See
 
 Fla. Admin. Code R. 59A-23.003(7)(i). Claimant was not required to establish the medical necessity of the request.
 
 See Theiss,
 
 65 So.3d at 118 (“Moreover, because an injured employee has been legislatively granted, in mandatory language, the unmitigated right to select and change his or her primary care provider during the course of treatment for an injury, we conclude that this right is not dependent upon a showing of medical necessity.”). Finally, because Claimant was entitled to the claimed benefit, Claimant was entitled to E/C-paid attorney’s fees and costs.
 

 Accordingly, we REVERSE the order denying Claimant the right to select or change her primary care provider, and REMAND for entry of an order granting Claimant the benefits requested.
 

 LEWIS, ROBERTS, and RAY, JJ„ concur.