SWANSON, J.
Appellant, Alan B. Bookman, as successor personal representative of the estate of Deborah E. Irby, appeals the trial court’s “Summary Final Judgment as to Count II and Order Dismissing Count III.” In it, the court found, as a matter of law, that appellant does not have standing to bring a legal malpractice action against appellee, Dale Davidson, the attorney who was hired by the initial personal representative to aid her in the administration of the estate. The court also granted appellee’s motion to dismiss appellant’s claim for disgorgement of attorney’s fees paid by the estate to appellee on the basis they were excessive. It concluded that while appellant had a right to pursue that claim, it would be more appropriately heard in the estate proceedings, which were still pending. We reverse the trial court’s summary final judgment based on a plain reading of section 733.614, Florida Statutes. We affirm on principle, however, the trial court’s dismissal of the claim for disgorgement, but hold the court may, in its discretion on remand, exercise its subject matter jurisdiction to hear that issue along with the other counts of the civil case.
According to the undisputed facts, on January 4, 2007, Dana Ford, through ap-pellee, filed a petition for the administration of the estate of Deborah Irby in the Walton County circuit court. On January 24, 2007, Ford was appointed personal representative of the estate and Letters of Administration were issued. Ford engaged the legal services of appellee to advise her concerning her administrative duties until shortly before she resigned as personal representative on February 12, 2010. During the course of his representation of Ford, appellee was paid from estate funds the sum of $195,000.
On February 17, 2010, appellant was appointed successor personal representative of the estate. After his appointment, appellant filed a civil suit against Ford and appellee. In his Second Amended Complaint, appellant alleged that Ford, through appellee’s guidance, improperly disclaimed or transferred out of the estate certain assets belonging to the estate that could have been used to pay its creditors. Appellant sought damages based on allegations that appellee had improperly advised Ford in regards to her responsibilities as personal representative, as well as damages from Ford, personally, for breach of fiduciary duty, defalcation, malfeasance, and devastavit, and also sought disgorgement of personal representative fees paid to her. Ford, in turn, filed an answer raising affirmative defenses, including the defense that her actions were done in good faith and in reliance on the advice of legal counsel. She also filed a cross-claim against appellee for legal malpractice, breach of fiduciary duty, and contribution.
Appellee moved for summary judgment against appellant, in part claiming the undisputed facts established a lack of any attorney-client relationship between appel-lee and appellant such that appellant, as successor personal representative, could not file a suit against him for malpractice. Primarily, appellee argued a successor personal representative is not in privity with the original personal representative’s attorney, a necessary prerequisite to maintaining a malpractice claim under Florida law. He also moved to dismiss appellant’s count for disgorgement of the portion of attorney’s fees paid to him, urging the probate court had exclusive jurisdiction, or, at least, was the proper court, to review the compensation of professionals involved with the administration of the estate.
The trial court granted appellee’s motion for summary judgment, finding appellant lacked standing to sue appellee because he *1279 was not in privity with appellee. It also dismissed the claim for disgorgement, concluding that while appellant might have a right to pursue a claim for disgorgement of excessive attorney’s fees, it was more appropriate that such claim be made in the then-pending estate proceedings. Appellant now challenges these findings and conclusions.
This case presents a question of first impression in Florida, that being whether a successor personal representative of an estate may bring a cause of action for legal malpractice against an attorney hired by her or his predecessor to provide services necessary to the administration of the estate. In reaching our decision to reverse the summary final judgment, we conclude we need not address the privity issue. Instead, our decision is informed by the plain meaning of the language of the relevant statutes in the Florida Probate Code, sections 733.601-733.620, Florida Statutes. See Petty v. Fla. Ins. Guar. Ass’n, 80 So.3d 313, 316 n. 2 (Fla.2012); Srygley v. Capital Plaza, Inc., 82 So.3d 1211, 1212 (Fla. 1st DCA 2012); In re A.G., 40 So.3d 908 (Fla. 3d DCA 2010) (holding where the statute’s language is clear and unambiguous, courts need not employ principles of statutory construction).
Sections 733.601 through 733.620 set forth the powers, duties, and obligations of the personal representative as regards not only the estate, but an assemblage of other individuals related to the estate’s administration, including its beneficiaries, creditors, contractors, accountants, and attorneys. Section 733.602(1), Florida Statutes, prescribes the general duties of the personal representative by providing that the personal representative
is a fiduciary who shall observe the standards of care applicable to trustees ... [and] is under a duty to settle and distribute the estate of the decedent in accordance with the terms of the decedent’s will and [the Florida Probate Code] as expeditiously and efficiently as is consistent with the best interests of the estate.
To accommodate the personal representative’s exercise of her or his duties, section 733.612, Florida Statutes, governs the transactions authorized by the personal representative, including the employment of an attorney. See § 733.612(19), Fla. Stat. Most significantly, section 733.614 addresses the “[p]owers and duties” of a successor personal representative:
A successor personal representative has the same power and duty as the original personal representative to complete the administration and distribution of the estate as expeditiously as possible, but shall not exercise any power made personal to the personal representative named in the will without court approval.
Therefore, the powers granted to the original personal representative flow to the successor personal representative.
Within this context, the Florida Probate Code expressly granted to Dana Ford, as personal representative of the estate of Deborah E. Irby, the power to engage appellee to represent her and to pay appellee from estate funds. See §§ 733.612(19) & 733.6171(1), Florida Statutes. The Code also grants to the personal representative the power to prosecute lawsuits or proceedings for the protection of the estate and the benefit of interested parties. See § 733.612(20), Fla. Stat. Furthermore, Ford, as personal representative, had the duty to act within “the best interests of the estate” and in “the best interests of all interested parties, including creditors.” §§ 733.602 & 733.603, Fla. Stat. This means the personal representative is *1280 required by law to pursue assets and claims of the estate, with value, including those assets which are in the hands of a former personal representative or her or his agents. See Sessions v. Willard, 172 So. 242, 245-46 (Fla.1937).
Thus, there is no dispute that Ford, as the estate’s personal representative, had standing to bring suit against appellee for legal malpractice. Yet, by virtue of the plain language of section 738.614, we hold all of the power and rights Ford possessed, including the right to bring suit against appellee on behalf of the estate, likewise transferred to appellant as the successor personal representative. In essence, appellant stepped into the shoes of Dana Ford when he became the successor personal representative. Consequently, the trial court erred when it entered summary judgment in favor of appellee, claiming appellant lacked standing. Appellant, as successor personal representative, has every right and duty under the Florida Probate Code to pursue legal action for malpractice against appellee on behalf of the estate. Cf. Onofrio v. Johnston & Sasser, P.A., 782 So.2d 1019 (Fla. 5th DCA 2001). The cause is therefore remanded for further proceedings.
Appellant’s remaining point concerns the trial court’s decision to dismiss his count for disgorgement of attorney’s fees against appellee. The court ruled: “While [appellant] may have the right to pursue a claim for disgorgement of excessive fees allegedly charged by [appellee], it is more appropriate that such claim be made in the estate proceedings, which currently remain pending.” Section 733.6175(2), Florida Statutes, provides that “[c]ourt proceedings to determine the reasonable compensation of the personal representative or any person employed by the personal representative, if required, are a part of the estate administrative proceedings .... ” (Emphasis added.) Accordingly, it has been held that “the Florida probate court has exclusive jurisdiction [over the matter of compensation] and is obligated to review estate fees upon the petition of a proper party.” In re Winston, 610 So.2d 1323, 1325 (Fla. 4th DCA 1992). The trial court, then, did not abuse its discretion in holding it was “more appropriate” for the disgorgement claim to be heard in the probate proceedings. Nonetheless, the trial court did not lack subject matter jurisdiction to consider the claim for disgorgement. The “court” for purposes of the Florida Probate Code is defined generally as “the circuit court.” § 731.201, Fla. Stat. Any circuit court has “exclusive original jurisdiction” over “proceedings relating to the settlement of the estates of decedents and minors, the granting of letters testamentary ..., and other jurisdiction usually pertaining to courts of probate.” § 26.012(2)(b), Fla. Stat. In this respect, “every judge of the circuit court possesses the full jurisdiction of that court in his or her circuit and [ ] the various divisions of that court operate in multi-judge circuits for the convenience of the litigants and for the efficiency of the administration of the circuits’ judicial business.” Maugeri v. Plourde, 396 So.2d 1215, 1217 (Fla. 3d DCA 1981) (holding, however, in the case before it, the clear language of section 744.387(3)(a), Florida Statutes (1977), mandated that “the only court having jurisdiction to approve the settlement of a minor’s claim in a pending action is the court in which the action is pending”). See also Fort v. Fort, 951 So.2d 1020, 1022 (Fla. 1st DCA 2007) (citing Maugeri, and also citing In the Interest of Peterson, 364 So.2d 98, 99 (Fla. 4th DCA 1978), for the holding: “All circuit court judges have the same jurisdiction within their respective circuits.... The internal operation of the court system and the assignment of judges to various divi *1281 sions does not limit a particular judge’s jurisdiction.”) (internal quotations omitted). Accord, Weaver v. Hotchkiss, 972 So.2d 1060, 1062 (Fla. 2d DCA 2008).
Unlike the statutory language addressed in Maugeri, we do not read section 738.6175(2) as precluding a circuit court of general jurisdiction from hearing, in a related civil suit, the issue of compensation of a person who was employed by the personal representative of an estate as a part of the estate’s administration. On remand, the trial court, in its discretion and for the convenience of the court and the parties, may hold a joint trial of all the claims if it is shown that a joint trial will not prejudice a party or cause inconvenience. See Yost v. Am. Nat’l Bank, 570 So.2d 350, 352 (Fla. 1st DCA 1990).
AFFIRMED, in part, REVERSED, in part, and REMANDED for further proceedings consistent with this opinion.
BENTON and OSTERHAUS, JJ., concur.