ACCEPTED
06-14-00020-cv
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
2/12/2015 8:29:45 PM
DEBBIE AUTREY
CLERK

No. 06-14-00020-CV

_____

In the Court of Appeals of Texas
Sixth District
Texarkana, Texas

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

2/12/2015 8:29:45 PM

DEBBIE AUTREY
Clerk

_____

**WENDOLYN MESSNER, DEPENDENT ADMINISTRATOR**
*Appellant*

v.

**MARK L. BOON, BOON SHAVER ECHOLS COLEMAN & GOOLSBY, P.L.L.C.,**
*Appellees*

_____

On Appeal from the
County Court at Law of Rusk County, Texas
Hon. Chad Wes Dean
Trial Court Cause No. 02-043 A

_____

**APPELLANT'S MOTION FOR REHEARING**

_____

PAUL W. TURNER
Texas Bar No. 24037619
400 S. Alamo, Suite A
Marshall, Texas 75670
(903) 935-0135 (phone)
(903) 935-0235 (facsimile)
pturner@thelawofficeofpwt.com
COUNSEL FOR APPELLANT

1

## TABLE OF CONTENTS

Cover ............................................................................................................. 1

Table of Contents ....................................................................................... 2

Index of Authorities .................................................................................. 3

Issues Presented for Review ..................................................................... 4

Misstatements of Facts and Law in the Court's Opinion ......................... 5

Argument ..................................................................................................... 8

Prayer ........................................................................................................ 13

Certificate of Compliance and Certificate of Service ............................ 14

Appendix Table of Contents ..................................................................... 15

## INDEX OF AUTHORITIES

**CASES**

*Belt v. Oppenheimer, Blend, Harrison & Tate, Inc.*,
  192 S.W.3d 780, 787 (Tex. 2006) .................................................................. 12

*Borissoff v. Taylor & Faust*,
  15 Cal. Rptr.3d 735, 739 (Cal. 2004) ........................................................... 11

*Bookman v. Davidson*,
  136 So. 3d 1276, 1278-80 (Fla. 1st DCA 2014) ............................................ 11

*Isaacs v. Schleier*,
  356 S.W.3d 548, 559 (Tex. App.—Texarkana 2011, pet. denied) ..................... 9

*Lujan v. Hous. Gen. Ins. Co.*,
  756 S.W.2d 295, 296 (Tex. 1988) ................................................................... 8

*Smith v. O'Donnell*,
  288 S.W.3d 417, 420-21 (Tex. 2009) ............................................................ 12

*Vinson & Elkins v. Moran*,
  946 S.W.2d 381, 387, 398
  (Tex. App.—Houston [14th Dist.] 1997, writ dism'd) .................................... 11

*West v. Robinson*
  180 S.W.3d 575, 576 (Tex. 2005) ................................................................... 8

**STATUTES**

Tex. Estates Code §361.153 ................................................................................ 11

Tex. Prob. Code §224 ......................................................................................... 11

Tex. R. App. P. 47.1 ............................................................................. 4, 8-10, 12

## ISSUES PRESENTED FOR REVIEW

1. Texas Rule of Appellate Procedure 47.1 requires the Court to address the following issues raised and necessary to final disposition of this appeal:

   a. Did Appellee Mark L. Boon ("Boon") show as a matter of law that the allegation that he gave false testimony is not a claim for breach of fiduciary duty but only a claim for negligence?

   b. Pursuant to Section 224 of the Texas Probate Code, can Wendolyn Messner ("Wendolyn"), as successor personal representative of Delbert's estate, bring malpractice claims against Boon for any negligent acts that he committed while he was representing the previous personal representative, Juanita Bengel?

## MISSTATEMENTS OF FACTS AND LAW IN THE COURT'S OPINION

The Court's Opinion of January 28, 2015 corrected some of the misstatements of facts and law that were in the Court's Opinion of December 19, 2014 (the "Initial Opinion"). A couple of factual misstatements remain, however. To facilitate communication, Wendolyn shall use the abbreviated terms found in the Opinion (e.g., "University" means "LeTourneau University," "*Smith*" means "*Smith v. O'Donnell*, 288 S.W.3d 417 (Tex. 2009)").

On page 6 of its Opinion, the Court states that Boon testified at some point in his deposition that in 2005 Bengel wrote a $293,241.77 check to the University, and this check "was for Trust C assets." Later, on page 23 of its Opinion, the Court repeats its belief that "Boon testified that Bengel herself wrote a check to the University for Trust C assets." As stated in its Motion for Rehearing of January 5, 2015 (the "Initial Motion for Rehearing"), Boon did not testify that the check for $293,241.77 "was for Trust C assets."[1] Moreover, any such testimony would have been erroneous since the value of the assets assigned to Trust C was $188,586.00 and not $293,241.77.[2] In asserting her belief that the Court made a mistake on Boon's testimony, Wendolyn's counsel had access not only to Boon's deposition but also to the Word Index. Since the Court probably did not have access to the Word Index because it was not included in the clerk's record, it may have been

---

[1] Appellant's Initial Motion for Rehearing, p. 7; C.R. 229-31, 294, 304-05.
[2] C.R. 227, 304, 312; Appellant's Brief, p. 13.

5

overly burdensome for the Court to research this minor error in its Initial Opinion. Wendolyn's counsel is attaching a copy of the Word Index for the Court to review.[3] A search for the word "check" and the number "$293,251.77" [sic] should facilitate the Court's research. Moreover, an examination of the accounting that was attached to and discussed at Boon's deposition, which is found on page 304 of the clerk's record, reveals the dollar amount, $293,241.77, was not the pecuniary value of Trust C but was arrived at through a series of calculations.[4] Unless counsel for Wendolyn has overlooked something in Boon's deposition, the Court should strike any statements in its Opinion that Boon testified Bengel wrote a check in the amount of $293,241.77 to the University for Trust C assets.

In her Initial Motion for Rehearing, Wendolyn pointed out that the following statement on pages 8-9 of the Court's Initial Opinion was incorrect: "After the LeTourneau Defendants filed an expert report concluding that Delbert had the general power of appointment and that it was validly exercised, all remaining claims arising out of the LeTourneau lawsuit were settled."[5] In trying to correct this misstatement, the Court made a typo on page 8 of its Opinion that it may wish to correct: "After the an [sic] expert report produced in the LeTourneau lawsuit concluded …"

---

[3] Appendix of Motion for Rehearing.
[4] Appellant's Initial Motion for Rehearing, p. 7; C.R. 227, 304, 312; Appellant's Brief, p. 13.
[5] Appellant's Initial Motion for Rehearing, p. 9-10.

On page 8 of the Opinion, the Court corrected a mistake in its Initial Opinion in which it had erroneously stated that all of the LeTourneau Defendants brought certain counterclaims against the plaintiffs in the LeTourneau Lawsuit. But the Court did not correct this same mistake on page 10 of the Initial Opinion, which still appears on page 10 of the Opinion: "… Wendolyn determined that the estate could now bring claims similar to the counterclaims filed by the LeTourneau Defendants." As pointed out in the Initial Motion for Rehearing,[6] the counterclaims were not filed by all of the LeTourneau Defendants, but only by "some of the LeTourneau Defendants," as the Court correctly states on page 8 of the Opinion. The Court needs to correct page 10 of its Opinion, as it did page 8, that only "some of the LeTourneau Defendants" filed counterclaims in the LeTourneau Lawsuit.

---

[6] Appellant's Initial Motion for Rehearing, p. 8-9.

1.  **The Court needs to address the following arguments of Wendolyn: (a) Boon breached his fiduciary duty by giving false testimony; and (b) Wendolyn can bring claims against Boon on behalf of Delbert's estate for legal malpractice that occurred after Delbert's death and during Bengel's administration.**

A court of appeals must hand down a written opinion that addresses every issue raised and necessary to final disposition of the appeal.[7] This provision is mandatory, and the courts of appeals are not at liberty to disregard it.[8] When a court of appeals does not address an issue that was raised, the parties are left with nothing but speculation as to why the court of appeals ruled as it did.[9]

**(a) Boon breached his fiduciary duty by giving false testimony.**

On pages 11 and 12 of its Opinion, the Court points out that Wendolyn has alleged two grounds for finding that Boon had breached his fiduciary duty. First, a jury could find that Boon gave false testimony at his deposition when he stated that he had always been concerned about the validity of Delbert's power of appointment.[10] This testimony is dubious because he admitted that he never expressed this concern to anyone and, due to the plain language of the Trust Agreement, had difficulty giving a good reason for this concern.[11] Alternatively, a jury could find that Boon breached his fiduciary duty by not disclosing this

---

[7] Tex. R. App. P. 47.1.
[8] *West v. Robinson*, 180 S.W.3d 575, 576 (Tex. 2005).
[9] *Lujan v. Hous. Gen. Ins. Co.*, 756 S.W.2d 295, 296 (Tex. 1988).
[10] C.R. 26-27, 54-55, 157-58; 246, 277; Appellant's Brief, p. 18, 20, 39.
[11] C.R. 26-27, 54-55, 157-58; 246, 277, 342; Appellant's Brief, p. 18, 20, 39.

concern to Delbert or Bengel.[12] The Court addressed the alternative grounds for Boon's alleged breach of fiduciary duty (i.e., Boon's failure to disclose his concerns) and found that this theory of liability does not "allege the type of dishonesty or intentional deception that will support a breach-of-fiduciary-duty claim."[13] But the Court did not discuss the other grounds alleged by Wendolyn for finding that Boon had breached his fiduciary duty, namely, Boon's false testimony at his deposition. Texas Rule of Appellate Procedure 47.1 states that the Court must consider this issue or else it will remain unresolved when the case is remanded to the trial court.

The allegation that Boon lied at his deposition involves the type of dishonesty or intentional deception that will support a claim for breach of fiduciary duty.[14] Moreover, by giving testimony designed to create the impression that Delbert might not have had a general power of appointment over Trust C, Boon also engaged in self-dealing at the expense of Delbert, his former client.[15] In other words, he simultaneously tried to minimize his fault in not obtaining the assets of Trust C for Delbert's estate[16] and frustrated the explicit instruction of Delbert that he wanted as little trust property to go to the University and as much to go to the

---

[12] C.R. 26-27, 54-55, 157-58, 277; Appellant's Brief, p. 20, 39.

[13] Opinion, p. 14-18 (citing *Isaacs v. Schleier*, 356 S.W.3d 548, 559 (Tex. App.—Texarkana 2011, pet. denied).

[14] Opinion, p. 17; *Isaacs v. Schleier*, 356 S.W.3d 548, 559 (Tex. App.—Texarkana 2011, pet. denied).

[15] *Isaacs v. Schleier*, 356 S.W.3d 548, 559 (Tex. App.—Texarkana 2011, pet. denied).

[16] C.R. 27, 55, 158, 251, 276; Appellant's Brief, p. 39.

9

beneficiaries of his estate.[17] Finally, unlike the truth, this false testimony did not harm the claim of his personal friend, Jim Hughey, that the University, Hughey's employer, was the ultimate beneficiary of the assets in Trust C.[18] In short, Wendolyn has alleged that Boon lied in order to put his own interest ahead of that of his former client, Delbert. In violation of Texas Rule of Appellate Procedure 47.1, the Court's Opinion fails to address Wendolyn's initial allegation supporting a claim for breach of fiduciary duty, namely, Boon lied in his deposition when he testified that he had always been secretly concerned about the validity of Delbert's general power of appointment.

**(b) Section 224 of the Texas Probate Code gives Wendolyn the right to pursue claims for legal malpractice against Boon that Bengel herself could have brought.**

On page 18-21 of its Opinion, the Court discusses Boon's argument that Wendolyn's lack of privity bars her claims for negligence against him. To defeat Boon's argument, the Court states that Wendolyn "refers to the rule in *Smith v. O'Donnell*, 288 S.W.3d 417, 419 (Tex. 2009)." But Wendolyn **never** referred to the rule in *Smith* in her response to Boon's amended motion for summary judgment or in her brief, and neither did Boon.[19] More importantly, the Court never considered her principal argument for overcoming Boon's privity defense: Section

---

[17] C.R. 25, 53, 202-03, 217; Appellant's Brief, p. 13.
[18] C.R. 157-58; Appellant's Brief, p. 15, 20.
[19] C.R. 133-35, 155-57; Appellant's Brief, p. 6; Appellee's Brief, p. v.

10

224 of the Texas Probate Code.[20] According to that statute, a successor personal representative, like Wendolyn, has "all rights, powers, and duties of his predecessor," unless otherwise specified in the decedent's last will and testament.[21] Moreover, in her brief, Wendolyn cited to a Texas case in which the Fourteenth Court of Appeals interpreted the statute to mean that a successor personal representative could sue a law firm for legal malpractice that had occurred during a predecessor's administration of an estate.[22] Wendolyn also noted that the California Supreme Court relied on a statute similar to Section 224 of the Texas Probate Code to overcome a law firm's defense of lack of privity.[23] Very recently, in May 2014, a Florida appellate court also held that a statute similar to Section 224 of the Texas Probate Code overcame an attorney's defense of lack of privity to a malpractice claim brought by a successor personal representative.[24] Moreover, in erecting a privity barrier between the successor personal representative and her predecessor concerning Boon's malpractice, the Court ignores the identical interests of the successor personal representative and her predecessor in bringing

---

[20] C.R. 155-57; Appellant's Brief, p. 36-38, notes 122-24.

[21] Tex. Prob. Code §224 (now Tex. Estates Code §361.153); C.R. 156; Appellant's Brief, p. 37, Appendix Page 80.

[22] Appellant's Brief, notes 122, 128; *Vinson & Elkins v. Moran*, 946 S.W.2d 381, 387, 398 (Tex. App.—Houston [14th Dist.] 1997, writ dism'd) (noting that although not assignable, legal malpractice claims passed from the executors, who had hired Vinson & Elkins to assist them in administering an estate, to a successor representative because the successor "stepped into the shoes" of his predecessors pursuant to Section 224 of the Texas Probate Code).

[23] C.R. 156; Appellant's Brief, notes 126-27; *Borissoff v. Taylor & Faust*, 15 Cal. Rptr.3d 735-37 (Cal. 2004) (citing Section 8524(c) of the California Probate Code).

[24] *Bookman v. Davidson*, 136 So. 3d 1276, 1278-80 (Fla. 1st DCA 2014) (citing Section 733.614 of the Florida Statutes).

legal malpractice claims on behalf of the estate.[25] Finally, as the Texas Supreme Court noted in *Belt*, the rationale for the privity barrier "does not apply when an estate's personal representative seeks to recover damages incurred by the estate itself."[26] In this case, Wendolyn seeks to recover damages incurred by Delbert's estate itself due to Boon's negligence;[27] and she does so without relying on extrinsic evidence but on the documents prepared by Boon himself and his own admissions at his deposition.[28] In summary, in conformity with Texas Rule of Appellate Procedure 47.1, the Court must address Wendolyn's argument based on Section 224 of the Probate Code and reconsider its holding that Wendolyn cannot bring claims against Boon for legal malpractice occurring during Bengel's administration.

---

[25] *Smith v. O'Donnell*, 288 S.W.3d 417, 421 (Tex. 2009) ("An estate's interests … mirror those of the decedent"); *Belt v. Oppenheimer, Blend, Harrison & Tate, Inc.*, 192 S.W.3d 780, 787 (Tex. 2006) ("a decedent's interests should mirror those of his estate.")

[26] *Belt v. Oppenheimer, Blend, Harrison & Tate, Inc.*, 192 S.W.3d 780, 787 (Tex. 2006).

[27] C.R. 53-56.

[28] C.R. 141-43, 202-22, 217, 342; Appellant's Brief 13-14.

**PRAYER**

For the reasons states in this motion, Wendolyn asks the Court to grant this motion for rehearing, withdraw its opinion, correct its misstatements of law and facts, address her argument concerning Boon's breach of fiduciary duty for giving false testimony at his deposition, and address her argument that Section 224 of the Texas Probate Code overcomes Boon's defense of privity whose rationale does not apply in this case.

Respectfully submitted,

/s/ Paul W. Turner_____
Paul W. Turner
Texas Bar No. 24037619
400 S. Alamo, Suite A
Marshall, Texas 75670
903-935-0135 (phone)
903-935-0235 (facsimile)
pturner@thelawofficeofpwt.com
**Counsel for Appellant**

## CERTIFICATE OF COMPLIANCE

This motion for rehearing complies with Texas Rule of Appellate Procedure 9.4(i) because it contains 2,581 words (excluding the parts of the motion exempted by this rule).

Signed on February 12, 2015.

/s/ Paul W. Turner_____
Paul W. Turner

## CERTIFICATE OF SERVICE

I certify that on February 12, 2015, I served a copy of Appellant's Motion for Rehearing on counsel for Appellees listed below by electronic service and the electronic transmission was reported as complete. My email address is pturner@thelawofficeofpwt.com.

Michael L. Dunn
Smead, Anderson & Dunn
2110 Horseshoe Lane
Longview, Texas 75605
**Counsel for Appellees Mark L. Boon and**
**Boon Shaver Echols Coleman & Goolsby, P.L.L.C.**

/s/ Paul W. Turner_____
Paul W. Turner

## APPENDIX TABLE OF CONTENTS

Tex. Estates Code §361.153 ............................................................................. 1

Tex. Prob. Code §224 ..................................................................................... 2

Tex. R. App. P. 47.1 ...................................................................................... 3

Word Index for Boon's Deposition ................................................................ 4-41